## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No.:

**RAHUL MISHRA,**

    **Plaintiff,**                                           **COMPLAINT**

**v.**

**EXPERIAN INFORMATION**
**SOLUTIONS INC., EQUIFAX**
**INFORMATION SERVICES LLC,**

                                         **DEMAND FOR JURY TRIAL**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, Rahul Mishra ("Plaintiff"), by and through counsel, files this Complaint against Experian Information Solutions Inc. ("Experian"), and Equifax Information Services LLC ("Equifax") pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendants transact business here, complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## DEMAND FOR JURY TRIAL

3.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orange County, Florida.

5.     Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Defendant Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.     Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

## <u>GENERAL ALLEGATIONS</u>

7.     This action involves derogatory and inaccurate reporting of an invalid debt by I.Q. Data International, Inc. (the "IQDII Account") to the Credit Reporting Agencies, Defendants Experian, and Equifax.

8.     The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

9.      Section 1681s-2(b) imposes a second category of duties on furnishers of information.

10.     This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

    (A) conduct an investigation with respect to the disputed information;

    (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;

    (C) report the results of the investigation to the [CRA];

    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

11.    Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

## Background

12.    Plaintiff discovered a debt from his previous apartment of $444.00 reporting on his credit report by Experian, and Equifax.

13.    None of the charges that made up the debt were valid.

14.    Plaintiff disputed the invalid debt with Experian and Equifax.

15.    Both defendants verified the invalid debt as accurate and did not remove the inaccuracy.

## Experian

16.    In or about April 2024, Plaintiff discovered the IQDII Account on his Experian credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

17.    In or about May 2024, Plaintiff disputed the IQDII Account with Defendant Experian requesting a removal from Plaintiff's Experian credit report.

18.    On June 27, 2024, Defendant Experian verified the IQDII Account as accurate and failed to remove the IQDII Account from Plaintiff's Experian credit report.

19.    Plaintiff's credit score has dropped as a result of Defendant Experian's inaccurate reporting of the IQDII Account.

20.    As of the filing of this complaint, Defendant Experian is still reporting the invalid IQDII Account on Plaintiff's Experian credit report.

## Equifax

21.    In or about April 2024, Plaintiff discovered the IQDII Account on his Equifax credit report.

22.    In or about May 2024, Plaintiff disputed the IQDII Account with Defendant Equifax requesting a removal from Plaintiff's Equifax credit report.

23.    On June 7, 2024, Defendant Equifax verified the IQDII Account as accurate and failed to remove the IQDII Account from Plaintiff's Equifax credit report.

24.    Plaintiff's credit score has dropped as a result of Defendant Equifax's inaccurate reporting of the IQDII Account.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25.     As of the filing of this complaint, Defendant Equifax is still reporting the invalid IQDII Account on Plaintiff's Equifax credit report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

26.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-25 of this Complaint.

27.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the invalid IQDII Account and continues to include the same information concerning inaccurate and derogatory reporting of the IQDII Account.

28.     In or about May 2024, Plaintiff disputed the IQDII Account with Defendant Experian requesting a removal from Plaintiff's Experian credit report.

29.     On June 27, 2024, Defendant Experian verified the IQDII Account as accurate and failed to remove the IQDII Account from Plaintiff's Experian credit report.

30.     Plaintiff's credit score has dropped as a result of Defendant Experian's inaccurate reporting of the IQDII Account.

31.     As of the filing of this complaint, the derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

32.     Defendant Experian is engaged in the business of credit reporting and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

33.    Defendant Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

34.    Despite Defendant Experian having received Plaintiff's dispute of the IQDII Account, Defendant Experian continues to inaccurately report the IQDII Account as an adverse account.

35.    Continuing to report the status of the IQDII Account in this fashion is significant.

36.    By continuing to report the status of the IQDII Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

37.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

38.    Defendant Experian failed to conduct a reasonable investigation and reinvestigation.

39.    Defendant Experian failed to review and consider all relevant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information submitted by Plaintiff.

40.     Defendant Experian failed to conduct an independent investigation and, instead, deferred to I.Q. Data International, Inc, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

41.     Defendant Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Experian failed to correct the information.

42.     Defendant Experian's reporting of inaccurate information about the IQDII Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

43.     Defendant Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from I.Q. Data International, Inc despite being in possession of evidence that the information was inaccurate.

44.     Without any explanation or reason, Defendant Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

45.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Experian's failure to correct the credit report pertaining to Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46.    On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

47.    Defendant Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

48.    Defendant Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

49.    Defendant Experian has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Experian had

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

50.    The conduct, action, and inaction of Defendant Experian was willful, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

51.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

52.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Experian, was the direct and proximate result of Defendant Experian's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

53.     As a result of the conduct, action, and inaction, of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

54.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

55.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-25 above of this Complaint.

56.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information.

57.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

58.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

59.     Additionally, Defendant Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

60.     Defendant Experian has negligently failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

61.   The conduct, action, and inaction, of Defendant Experian was negligent, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

62.   Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

63.   As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

64.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
### (Against Defendant Equifax)

65.     Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-25 of this Complaint.

66.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included the inaccurate and derogatory reporting of the IQDII Account and continues to include the same information concerning inaccurate and derogatory reporting of the IQDII Account.

67.     In or about May 2024, Plaintiff disputed the IQDII Account with Defendant Equifax requesting a removal from Plaintiff's Equifax credit report.

68.     On June 7, 2024, Defendant Equifax verified the IQDII Account as accurate and failed to remove the IQDII Account from Plaintiff's Equifax credit report.

69.     Plaintiff's credit score has dropped as a result of Defendant Equifax's inaccurate reporting of the IQDII Account.

70.     As of the filing of this complaint, IQDII's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

71.     Defendant Equifax is engaged in the business of credit reporting and is

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

72.     Defendant Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

73.     Despite Defendant Equifax having received Plaintiff's dispute of the IQDII Account, Defendant Equifax continues to report the IQDII Account as adverse.

74.     Continuing to report the status of the IQDII Account in this fashion is significant.

75.     By continuing to report the status of the IQDII Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

76.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

77.     Defendant Equifax failed to conduct a reasonable investigation and reinvestigation.

78.     Defendant Equifax failed to review and consider all relevant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information submitted by Plaintiff.

79.    Defendant Equifax failed to conduct an independent investigation and, instead, deferred to IQDII, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

80.    Defendant Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Equifax failed to correct the information.

81.    Defendant Equifax's reporting of inaccurate information about the IQDII Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

82.    Defendant Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from IQDII despite being in possession of evidence that the information was inaccurate.

83.    Without any explanation or reason, Defendant Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

84.    Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Equifax's failure to correct the credit report pertaining to Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

85.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

86.     Defendant Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

87.     Defendant Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

88.     Defendant Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Equifax had notice was

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

89.     The conduct, action, and inaction of Defendant Equifax was willful, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

90.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

91.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Equifax, was the direct and proximate result of Defendant Equifax's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

92.     As a result of the conduct, action, and inaction, of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

93.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

94.     Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-25 above of this Complaint.

95.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

96.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

97.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to correct the inaccurate information.

98.     Additionally, Defendant Equifax negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

99.     Defendant Equifax has negligently failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

100.    The conduct, action, and inaction, of Defendant Equifax was negligent, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

101.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102.    As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

103.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Court deems appropriate under the circumstances.


Dated: July 15, 2024

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com